UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | Crim. No. 16-10184-IT |
| BRYAN MORAN, | ) | |
| | ) | |
| Defendant. | ) | |

GOVERNMENT'S SUPPLEMENTAL OPPOSITION
TO DEFENDANT'S MOTION TO SUPPRESS

The United States of America, by its attorneys William D. Weinreb, Acting United States

Attorney for the District of Massachusetts, and Assistant United States Attorney Katherine

Ferguson, hereby submits its Supplemental Opposition to Defendant Bryan Moran's Motion to

Suppress.  Moran filed a Motion to Suppress on November 7, 2015.  The Government filed its

Opposition on December 12, 2016.  On May 1, 2017, after requesting and obtaining the

appointment of new counsel, Moran filed a Supplemental Memorandum in Support of his

Motion to Suppress.  For the reasons set forth below, Alysha Moran's consent to search was

voluntarily given.[1]  As a result, and for the reasons set forth in the Government's Opposition to

Moran's Motion to Suppress, Moran's Motion should be denied.

Alysha's Consent Was Voluntary.

In his Supplemental Memorandum, Moran briefly argues that Alysha's consent to search

---

[1]  Moran also argues that officers' search of the black trash bags exceeded the scope of the consent given by Alysha Moran ("Alysha").  He claims that Alysha's consent permitted officers only to seize, not search, the bags.  This argument is foreclosed by Supreme Court precedent.  *See Florida v. Jimeno*, 500 U.S. 248, 251 (1991) ("We think that it was objectively reasonable for the police to conclude that the general consent to search respondent's car included consent to search containers within that car which might bear drugs.").  The canine's failure to alert to the trash bags did not vitiate the consent permitting them to be searched.

her apartment, car, and storage unit (with which he is primarily concerned) was the product of

coercion.  "[A] search conducted pursuant to a valid consent is constitutionally permissible."

*Schneckloth v. Bustamonte*, 412 U.S. 218, 222 (1973).  Consent must be voluntary to be valid,

but law enforcement need not explicitly advise the person giving consent of the right to withhold

consent.  *Id.* at 241; *United States v. Jones*, 523 F.3d 31, 37-38 (1st Cir. 2008).  "Voluntariness"

is based on the totality of the circumstances surrounding the giving of consent.  *Schneckloth*, 412

U.S. at 227; *Jones*, 523 F.3d at 37.

Moran does not argue that Alysha did not speak, read, or write English.  He does not

claim that she was not asked for her consent, that she was not told that she did not have to

consent if she did not want to, or that she was not given sufficient time to read or consider the

consent-to-search forms.  Instead, Moran relies on the presence of a child in Alysha's apartment

and the expected arrival of another child to argue that Alysha's consent was not voluntary.

Moran's argument is unconvincing.  The totality of the circumstances demonstrate that

Alysha's consent to search was freely given.  Alysha had a pre-existing relationship with

Detective Bossi of the Wilmington Police Department.  *See* DEA-6 Report dated April 4, 2016

("DEA-6"), attached as Exhibit 1 to Government's Opposition to Motion to Suppress, at para. 2.

Prior to March 29, 2016, Alysha had contacted Detective Bossi to provide information about

Moran, his whereabouts, and his drug supplier.  *Id.*  On March 29, 2016, Alysha met with

officers voluntarily; when they called and asked to meet with her, she agreed, returned to her

apartment building, where she first spoke with officers in the parking lot, and subsequently

invited the officers up to her apartment.  *Id.* para. 5.  During the ensuing conversation, Alysha

spontaneously told the officers that they could search her apartment.  *Id.*  The investigators did

not do so, however.  *Id.*  Instead, they asked Alysha if she had money or drugs in the apartment,

2

at which time Alysha provided the officers with $2,200 that she said belonged to Moran.  *Id.*
When Detective Bossi inquired whether Alysha had a safe, she stated that she did and asked if
the officers wanted to check inside of it.  *Id.*  Alysha then opened the safe, which contained
marijuana, for investigators.  *Id.*  Investigators did not make any further search of Alysha's
apartment.  *See generally* DEA-6.

Rather, investigators next inquired about the storage unit.  *Id.* at para. 5.  Again, before
consent to search was sought, Alysha volunteered that officers could search the storage unit.  *Id.*
At that time, Detective Hatch presented Alysha with a consent to search form for her apartment,
her car, and her storage unit.  *Id.* at para. 6.  Detective Hatch read the form to Alysha, and Alysha
then signed the form.  *Id.*  The consent form, attached to the Government's Opposition to
Moran's Motion to Suppress as Exhibit 3, states:

> I have been informed by the North Reading Police Department that I have a
> Constitutional right to refuse to allow a search to be made, without a search
> warrant, of the premises/vehicle described as: Bldg. 110 #211, storage unit
> 108 #48, Toyota Camry 12HJ71.  I understand this right and I hereby waive
> the necessity of a search warrant and do authorize the North Reading Police
> to conduct a search of the premises/vehicle and to take possession of any
> items found which are relevant to the police investigation.  I am signing this
> for[m] voluntarily, without threats or promises of any kind.

After signing the form, Alysha retrieved the key to the storage unit from her car (which
police searched) and then escorted police to the storage unit.  *Id.* at paras. 6-7.  After the storage
unit was opened, Alysha directed officers, who had told Alysha that they were specifically
interested in items she was storing for Moran, to Moran's belongings.  *Id.* at paras. 2, 7.
Alysha's signature on the consent form and her cooperation with the search are powerful
evidence that her consent was voluntarily given.  *See United States v. Winston*, 444 F.3d 115,
122 (1st Cir. 2006) (consent voluntary where defendant immediately told agents where

contraband item was located).

Moreover, later that same day, Alysha agreed to participate in a recorded interview with police.  DEA-6 Report dated April 5, 2016, attached hereto as Exhibit 5, at para. 2.  Prior to the interview, investigators told Alysha that she was not under arrest and did not have to speak with them.  *Id.*  During the interview, Alysha provided information about Moran's storage of his belongings at her home and in her storage unit, among other things.  *Id.* paras. 4-5.  Also that day, Alysha gave police Moran's cellular telephone.  DEA-6 at para. 11.  Alysha's willingness to participate in the interview and her providing police with Moran's cellphone further corroborate the voluntariness of her earlier consent to search.  *Cf. Winston*, 444 F.3d at 122.

Moran's reliance on *United States v. Tibbs*, 49 F. Supp. 2d 47 (D. Mass. 1999), is misplaced.  Unlike in *Tibbs*, there is no suggestion here that police ever stated or even suggested that if Alysha did not cooperate with police she might lose custody of her children.  *See Tibbs*, 49 F. Supp. 2d at 48-49.  To the contrary, it is pellucid that Alysha voluntarily cooperated with the police on March 29, 2016, and that her consent to search was freely given.

<u>Moran Is Not Entitled to an Evidentiary Hearing</u>

Moran, who has not credibly contested any of the underlying facts in the exhibits attached to the Government's Opposition or this Supplemental Opposition, has not made the threshold showing necessary for a hearing on his Motion.  Evidentiary hearings on pre-trial motions are not granted as a matter of course.  *See, e.g.*, *United States v. Panitz*, 907 F.2d 1267, 1273 (1st Cir. 1990); *United States v. Pellerito*, 878 F.2d 1535, 1545 (1st Cir. 1989).  A hearing is required only if the moving party makes a sufficient threshold showing that material facts are in doubt or dispute and that the dispute cannot reliably be resolved on a paper record.  *United States v. Jimenez*, 419 F.3d 34, 42 (1st Cir. 2005).  To the extent Moran has disputed any facts in

4

the Government's exhibits, he has submitted no support for his claims other than his own self-serving statements.[2]  The First Circuit has held time and again that failure to raise a material disputed factual issue that would entitle the defendant to the relief he seeks is grounds for denying an evidentiary hearing.  *See, e.g.*, *United States v. Calderon*, 77 F.3d 6, 9 (1st Cir. 1996). Put simply, the material facts are not in dispute, and the Court has the factual information necessary to decide Moran's Motion without an evidentiary hearing.

For the foregoing reasons, and those set forth in the Government's December 12, 2016 Opposition, the government respectfully requests that the Court deny Moran's Motion to Suppress.

Respectfully submitted,

WILLIAM D. WEINREB
ACTING UNITED STATES ATTORNEY

By:     */s/ Katherine Ferguson*
Katherine Ferguson
Assistant United States Attorney

Dated:  May 22, 2017

---

[2]  Moran has not submitted even an affidavit in support of his Motion.  *Cf. United States v. Phillipos*, 849 F.3d 464, 469 (1st Cir. 2017) (upholding finding that an untested affidavit failed to establish threshold showing of factual dispute and affirming district court's denial of motion to suppress without an evidentiary hearing); *United States v. Baskin*, 424 F.3d 1, 3 (1st Cir. 2005) (same).

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that this document filed through the ECF system will be sent

electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

<u>/s/ Katherine Ferguson</u>
Katherine Ferguson
Assistant United States Attorney

Date:  May 22, 2017